■ WILLIAM E. COOK et al., Doing Business as a Copartnership under the Name of COOK & SALTZ, Respondents, v. BEN WEIR et al., Appellants.— In an action to recover commissions for negotiating a sale of real property, the appeal is from an order of the Appellate Term, by permission of this court, affirming a judgment of the Municipal Court of the City of New York, Borough of Queens, Fourth District, in favor of respondents against appellants. Order unanimously affirmed, with costs. The appellants are husband and wife and the trial revealed that the wife was the record owner of the property involved. Appellants contend that parties suing both an agent and an undisclosed principal should, upon the disclosure that there was an undisclosed principal and agent relationship, elect, at the end of the trial, against whom they will proceed to judgment, and that they may not recover a judgment against both. Both appellants took part in the negotiations. The record does not

show that respondents knew, prior to the commencement of the action, that the wife was the record owner. The Trial Judge was not required to hold that the husband, during the negotiations, was merely acting as agent for an undisclosed principal nor that the doctrine of election of remedies which was applicable prior to September 1, 1939 (See 1939 Report of N. Y. Law Rev. Comm., pp. 209–299), required the respondents to elect as to which appellant against whom they desired to proceed to judgment. Moreover, even if that doctrine, prior to September 1, 1939, required an election, such election is no longer required (Civ. Prac. Act, §§ 112-a, 112-b; 1939 Report of N. Y. Law Rev. Comm., *supra*). The factual issues were for determination by the trier of the facts, not by an appellate court. Present — Nolan, P. J., Wenzel, Beldock, Ughetta and Hallinan, JJ.